Judge Owsley
delivered the- Opinion of the Court.
This writ of error, with supersedeas, is proseented by E. Sc D. Jackson, to a judgment recovered against them in the circuit court, in an action of covenant brought by Sagacer.
It is assigned for error—
1st. That the declaration is defective.
2nd. The court erred in giving instructions to the juiTf-
3d. The court erred in declaring the law upon the demurrer of Sagacer to the plea of the Jacksons.
The action is founded on the following covenant, to wit:
“On or before the 3lst day of March, 1822, we, or either of us, promise and oblige ourselves, our heirs. Sec. to pay unto F. Sagacer, or assigns, four hundred dollars worth of merchantable whiskey, in good casks, as specified in our agreement of this date, at forty-two cents per gallon, given under our hands and seals, this 7th day of September, 1818.”
Signed, “Elijah Jackson, Seal,
David Jackson, Seal.”
The declaration, after setting out the covenant, alledges for breach, that the said Elijah Jackson, and David Jackson, nor either of them, although often required so to do, have not paid the said Sagacer four hundred dollars worth of good merchantable whiskey, in good casks, as specified in the said agreement, between them, at forty two cents, nor any part thereof, &c.
The only objection taken in argument to the declaration, and that to which the attention of this court will be exclusively directed, is predicated upon the idea that the agreement alluded to in the covenant upon which the suit is founded, should have been set out in the declaration. If according to the covcnant contained in the declaration, its legal import might be changed by the agreement alluded to, the *28 objection would certainly be entitled to great weight. In that case, it would be difficult to perceive how the court could judge of the sufficiency of the breach assigned, without knowing what stipulations the agreement contains. ,
In a declaration on acovenant“to pay-400 gallons whiskey in good casks as speciliod in our agreement of (his date at forty-two cents per gallon,” there need not be proferí of the agreement referred to.
Ifaggin for plaintiff; Sharp for defendant.
But we do not understand from the covenant contained in the declaration, that its import would be effected by the agreement. We understand by the covenant, that the parties had previously agreed upon the terms of their contract, and, as specified in that agreement, the covenant contains a full and complete description of those terms, and stipulates for their fulfilment.
Thus understanding the import of the covenant, there certainly was no necessity for the declaration to set forth any other agreement than that contained in the covenant.
The objection to the declaration cannot, therefore, be sustained.
With respect to the other questions made by the assignment of errors, it is sufficient to remark that each of those questions have heretofore underwent the adjudication of this court, and been decided in conformity to the decision of the court below*
The Judgment must consequently be affirmed with cost and damages.